# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2495 | **DATE** | 4/28/2004 |
| **CASE TITLE** | Fields vs. Sherman Health Systems | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, Sherman's privilege claim is accepted with regard to documents eight and nine in its in camera submission of 4/5/04, and rejected with regard to documents one through seven, and ten.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
FAYE FIELDS and ANN CRAFT, )
 )
        Relators, )
 )
vs. ) Case No. 01 C 2495
 )
SHERMAN HEALTH SYSTEMS; HEALTH )
VISIONS, INC.; SHERMAN FAMILY )
HEALTH CARE; ANIL KHEMANI; )
and MRUNAL PANCHAL, )
 )
        Defendants. )

**DOCKETED**
APR 2 9 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Court has reviewed certain documents submitted by defendant Sherman Health Systems for *in camera* inspection to determine whether they are protected by the attorney-client or work-product privileges. The documents evidently were obtained by relator Faye Fields during her employment at Sherman and then given to her counsel. Sherman seeks a determination that the documents are privileged; if they are, it may seek further relief.

The attorney-client privilege "protects confidential communications made between clients and their attorneys for the purpose of securing legal advice." *In re A Witness Before the Special Grand Jury 2000-2*, 288 F.3d 289, 291 (7th Cir. 2002). Its purpose is "to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389

(1981)). Though the privilege generally covers only statements made by the client, "statements made by the lawyer to the client will be protected in circumstances where those communications rest on confidential information obtained from the client, or where those communications would reveal the substance of a confidential communication by the client." *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000) (citations omitted).

The work product doctrine protects materials prepared "in anticipation of litigation." *See, e.g., Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996); *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983). The test is "'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Binks*, 709 F.2d at 1118 (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure (Civil) § 2024). Materials prepared in the ordinary course of a party's business, even if prepared at a time when litigation was reasonably anticipated, are not protected work product. *Id.* at 1119.

The burden of establishing that a document or communication is privileged lies with the party asserting the privilege. *See, e.g., United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). "The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *In re Grand Jury Proceedings (Thullen)*, 220 F.3d 568, 571 (7th Cir. 2000); *see also, e.g., United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). The privilege must be asserted and demonstrated on a document-by-document basis. *See, e.g., In re Grand Jury Proceedings (Thullen)*, 220 F.3d at 571.

The first and fifth documents submitted by Sherman are two copies of a memorandum

entitled "Sherman Health Systems, Task Force Meeting #1, Contracting, October 1, 1998." The only facts Sherman cites in support of its privilege claim are that the memorandum includes the notation, "Privileged and Confidential - Subject to Attorney-Client Privilege and Attorney Work Product Doctrines," and that it addresses, among other things, procedures for monitoring government regulations and implementing compliance standards. This is insufficient to even begin to establish that the document is protected by privilege. Inclusion of a "privileged" notation tells the Court nothing about the circumstances under which the memorandum was prepared, and it should be self-evident that discussion of regulatory matters does not necessarily imply that a lawyer was in any way involved, let alone that the other requirements for privilege protection are satisfied. Because Sherman has offered no evidence to support its privilege claim, the claim is rejected.

The second document is an excerpt from what might well be an attorney's billing statement to Sherman. If that is in fact what the document is, it may well disclose the contents of matters communicated by Sherman to its attorney, namely the specific subjects on which Sherman sought counsel's advice. But the Court will not simply assume, in the absence of evidence, what the document is. Because Sherman's description of this document is unsupported, the privilege claim is rejected.

The third document is a two-sentence memorandum stating that an attached set of minutes have been "blessed" by someone named Urooj Mahmud; the fourth document appears to be the minutes in question. Sherman says that Mahmud was an attorney at the law firm of Foley & Lardner. That does not make the memorandum privileged. It does not disclose any privileged communications, and there is no indication that it was prepared in anticipation of litigation. The

3

same is true of the meeting minutes. The minutes reflect that Mahmud was present at the meeting, but that by itself does not assist Sherman. "[T]he mere presence of an attorney at a meeting does not render the notes of the discussion privileged unless they reflect communications made to obtain his advice." *Duttle v. Bandler & Kass,* 127 F.R.D. 46, 52 (S.D.N.Y.1989). Nothing in the minutes reflects that they disclose communications to counsel made for the purpose of obtaining legal advice, and Sherman has provided no independent support for its privilege claim. And the fact that Mahmud may have reviewed the minutes is irrelevant; a party cannot make an otherwise unprotected document privileged simply by having a lawyer review them. The privilege claim is rejected.

The sixth document is a memorandum by two otherwise unidentified Sherman personnel to the "Corporate Compliance Committee" dated July 26, 1999. The memorandum discusses the status of negotiations with two prospective employees and a prospective lender. With regard to one of the matters referenced, the memorandum states that the deal will not be finalized unless it is approved by counsel. But the memorandum does not reflect that it is addressed to counsel for the purpose of obtaining legal advice or that it discloses privileged communications, and Sherman has submitted no other support for its privilege claim. The Court cannot simply assume, as Sherman proposes, that any memorandum to something called a "Corporate Compliance Committee" is automatically privileged. The privilege claim is rejected.

Document seven is an April 27, 1999 memorandum to the "Compliance Committee" from its apparent chairperson. It references draft contracts that the memorandum says were prepared by counsel and briefly summarizes their terms. Nothing in the memorandum suggests that it discloses privileged communications. Sherman says that one of the five persons listed at

4

the bottom of the memo as receiving copies is an attorney, Kevin Egan of Foley & Lardner. But the fact that a memorandum was sent to an attorney does not by itself make it privileged. As our colleague Judge Milton Shadur has stated, "the mere presence of a lawyer's name at the top or bottom of a document is not the bell that causes the dog named Privilege to salivate. What is entitled to protection is really limited to the communication of confidences from client to lawyer, whether any such confidences (or sometimes the fact that confidences have been communicated) [are] disclosed in a client-authored document or a lawyer-authored response." *Nedlog Co. v. ARA Servs., Inc.,* 131 F.R.D. 116, 117 (N.D. Ill. 1989). Again, Sherman has submitted no other evidence supporting its attorney-client and work-product privilege claim. The privilege claim is rejected.

Document eight, a letter from attorney Mahmud to a representative of Sherman dated January 12, 1998, reflects on its face that it was prepared by counsel. The letter also arguably discloses the contents, or at least the subject matter, of a privileged communication by counsel. The Court agrees with the claim of privilege.

Document nine is a memorandum and a fax cover sheet that on its face reflects that it was transmitted to counsel in order to obtain legal advice. The Court agrees with the privilege claim.

Finally, document ten is an e-mail dated May 17, 1999 from a Sherman employee that on its face reflects that it was sent to attorney Mahmud and to a medical doctor who apparently was employed by Sherman. The e-mail discloses the contents a conversation with a non-lawyer. Though the e-mail was sent to an attorney, Sherman has provided no support for the contention that it was communicated for the purpose of obtaining legal advice. The fact that an attorney was copied on the e-mail does not make it privileged. The privilege claim is rejected.

## Conclusion

As discussed above, Sherman's privilege claim is accepted with regard to documents eight and nine in its *in camera* submission of April 5, 2004 and rejected with regard to documents one through seven, and ten.

                                                                              _____
                                                                              MATTHEW F. KENNELLY
                                                                              United States District Judge

Date: April 28, 2004